[No. S007308. May 24, 1989.]

In re THOMAS ARMSTRONG OTTO, Jr., on Suspension.

## COUNSEL

Thomas Armstrong Otto, Jr., in pro. per., for Petitioner.

Diane C. Yu, Truitt A. Richey, Jr., Richard J. Zanassi and Donald R. Steedman for Respondent.

## OPINION

Thomas Armstrong Otto, Jr., admitted to practice in 1974, was convicted of two felonies: assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)), and infliction of corporal punishment on a cohabitant of the opposite sex resulting in a traumatic condition. (Pen. Code, § 273.5.) The trial court reduced both counts to misdemeanors and placed him on probation with certain conditions, including that he serve 90 days in jail. He has since successfully completed his probation.

We referred the matter to the State Bar for a hearing, report, and recommendation on the question whether the facts and circumstances surrounding the commission of the offenses involved moral turpitude or other misconduct warranting discipline and, if so found, what discipline should be imposed. The State Bar's report has now been filed, the review department concluding that Otto's acts did not involve moral turpitude but did constitute other misconduct warranting discipline. It recommends that Otto be suspended for two years, that execution of that suspension be stayed, and that he be placed on probation for two years on conditions including six months' actual suspension.

This court, after reviewing the entire record and considering all the facts and circumstances,[1] has concluded that Otto's conduct constituted

---

[1] Petitioner's reply brief, received by this court on March 3, 1989, is untimely and his motion for relief from default is denied. (See Cal. Rules of Court, rule 45(e).) Petitioner's request for oral argument is also denied. (Cal. Rules of Court, rule 951(d).)

misconduct warranting discipline and that he should be disciplined in accordance with the State Bar's recommendation.

It is therefore ordered that Thomas Armstrong Otto, Jr., be suspended from the practice of law in the State of California for a period of two years, that execution of that suspension is stayed, and that he be placed on probation for two years upon all the conditions, including six months' actual suspension, which are set forth in the resolution adopted by the State Bar Court in this matter on June 28, 1988. It is further ordered that Otto take and pass the Professional Responsibility Examination within one year of the effective date of this order (see *Segretti* v. *State Bar* (1976) 15 Cal.3d 878, 891 [126 Cal.Rptr. 793, 544 P.2d 929]). This order is effective upon finality of this opinion.